UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-cr-132-NT |
| | ) |
| MERIDETH C. NORRIS, D.O. | ) |

## INDICTMENT

The Grand Jury Charges:

1. Merideth C. Norris, a Doctor of Osteopathic Medicine, was licensed by the State of Maine Board of Osteopathic Licensure, under license number #1813, to practice medicine in the State of Maine.

2. As part of her practice, Merideth C. Norris prescribed controlled substances, including highly addictive opioids, under her U.S. Drug Enforcement Administration (DEA) registration numbers: BN7421441 and XN7421441.

3. Merideth C. Norris routinely prescribed various Schedule II controlled substances to her patients and other individuals, outside the usual course of professional practice, without a legitimate medical purpose.

### BACKGROUND ON CONTROLLED SUBSTANCES

4. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States. Under the CSA, the DEA regulated certain pharmaceutical drugs designated as "controlled substances" because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

5. The DEA issued registration numbers to qualifying practitioners, including

1

physicians, which permitted them to dispense Schedule II, III, IV, and V controlled substances consistent with the terms of that registration. 21 U.S.C. § 822.

6. Oxycodone, hydromorphone, methadone, and dextroamphetamine-amphetamine are Schedule II controlled substances. Clonazepam and diazepam are Schedule IV controlled substances.

7. Under the CSA, it was unlawful to distribute or dispense a controlled substance, unless otherwise authorized by law. 21 U.S.C. § 841(a)(1). Except in limited circumstances, Schedule II controlled substances could not be dispensed without a written prescription. 21 U.S.C. § 829. "A prescription for a controlled substance to be effective must [have] be[en] issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."" 21 C.F.R. § 1306.04. "The responsibility for the proper prescribing and dispensing of controlled substances is upon the practicing prescriber …." Id. "An order purporting to be a prescription issued not in the usual course of professional treatment … [was] not a prescription within the meaning and intent of [S]ection [ ] 829 …."). Id.

## COUNTS 1 – 10

### Distribution of a Controlled Substance
### (21 U.S.C. § 841(a)(1))

8. Paragraphs 1 through 7 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9. On or about the dates listed below, in York County, in the District of Maine, and elsewhere,

**MERIDETH C. NORRIS, D.O.,**

did knowingly and intentionally distribute and dispense controlled substances pursuant to purported prescriptions that were not issued for a legitimate medical purpose by an individual

practitioner acting in the usual course of her professional practice, as set forth below:

| Count | Substances Distributed To | Approximate Date Prescription Filled | Substance Name |
|---|---|---|---|
| 1 | Patient A | December 23, 2021 | Oxycodone |
| 2 | Patient A | December 23, 2021 | Dextroamphetamine-Amphetamine |
| 3 | Patient A | December 23, 2021 | Clonazepam |
| 4 | Patient B | February 25, 2022 | Oxycodone |
| 5 | Patient B | March 24, 2022 | Oxycodone |
| 6 | Patient B | April 21, 2022 | Oxycodone |
| 7 | Patient B | May 23, 2022 | Oxycodone |
| 8 | Patient C | June 16, 2022 | Diazepam |
| 9 | Patient C | June 17, 2022 | Hydromorphone |
| 10 | Patient C | June 21, 2022 | Methadone |

Each of the above in violation Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATIONS

10.   Upon conviction of the offenses alleged in this Indictment, Merideth C. Norris, D.O., shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds she obtained, directly or indirectly, as the result of the violations of 21 U.S.C. § 841(a)(1) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including, but is not limited to: any DEA registration(s) for Merideth C. Norris, D.O.

11.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:   (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be subdivided without difficulty; it is the intent

of the United States to seek the forfeiture of any other property in which the defendant has an interest, up to the value of the property and proceeds described above.

A TRUE BILL,

Signature Redacted – Original on file with the Clerk's Office

_/s/ [signature] AUSA_
FOR: Darcie N. McElwee
United States Attorney
District of Maine

_/s/ [signature] FOR_
Glenn S. Leon
Chief, Fraud Section
Criminal Division, Department of Justice
Date: October 20, 2022