UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:22-cr-132-NT |
| | ) | |
| MERIDETH C. NORRIS | ) | |

## GOVERNMENT'S MOTION TO RECONSIDER COURT'S ORDER GRANTING AN EVIDENTIARY *FRANKS* HEARING

### I. INTRODUCTION

Under controlling First Circuit case law, *Franks* hearings are rarely held as a "defendant must meet a high bar even to get a *Franks* hearing" and the standard is "exacting." *United States v. Tzannos*, 460 F.3d 128, 136–37 (1st Cir. 2006). During a recent telephonic status conference without argument, the Court granted the request for a *Franks* hearing. The government respectfully requests the opportunity for argument on this issue, because a *Franks* hearing requires certain findings, which are not currently on the record. *Id*. The government respectfully requests reconsideration of this decision ordering the hearing and seeks an opportunity to present brief, oral argument on this issue. The government submits that based on the four corners of the affidavit, the requisite findings for a *Franks* hearing cannot be made, and therefore, the Court should reconsider the granting of a *Franks* hearing, and ultimately, deny the motion to suppress.

### II. BACKGROUND

Defendant Merideth Norris requested a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and seeks to suppress evidence obtained by a search warrant executed on both her practice and her electronic medical records vendor. She alleges that the search warrant Affiant made (i) "material false statements" and (ii) "material omissions" in the underlying warrant

1

applications. [ECF No. 73 at 6–10]. The Affiant did no such thing. The government incorporates by reference its objection to Defendant's request [ECF 85].

During a telephone conference between counsel and the Honorable Court on December 8, 2023, the Court informed the parties that it intended to hold an evidentiary hearing on Defendant's *Franks* motion. The Court informed the parties that the basis for its decision to grant an evidentiary hearing stemmed from the government's assertion in its objection that the affiant was unaware of the action taken by the Maine Board of Osteopathic Medicine ["Osteopathic Board"] regarding Defendant in October of 2022, specifically, the Osteopathic Board's dismissal of their inquiry into Defendant's practice. The Court indicated that it believed an evidentiary hearing is necessary so that the affiant may testify to that fact directly. However, to trigger a *Franks* hearing, the Court must find that (i) defendant had met her heavy burden that the affiant intentionally or recklessly made material omissions or material misrepresentations and (ii) that the omissions or misrepresentations were material to the probable cause determination. The Court did not make these findings, and correctly so; they are not supported by the affidavit. But, the lack of these findings means that a *Franks* hearing is not required.

Respectfully, the government maintains that because the Court did not find (i) that the defendant proffered sufficient evidence demonstrating intentional or reckless conduct on the part of the affiant and (ii) the statement at issue was necessary to the finding of probable cause, Defendant has not come close to meeting the threshold burden required under *Franks* to necessitate an evidentiary hearing, and would ask that the Court reconsider its ruling with a focus on these elements. Additionally, the outcome of the hearing on the first prong could not alter the final disposition of the warrant, and a *Franks* hearing would be redundant.

III. **LEGAL STANDARDS**

While "motions for reconsideration in criminal cases are not specifically authorized by either statute or rule, they may be considered in the exercise of the Court's inherent authority to revisit its own orders." *United States v. Tsarnaev*, 2015 U.S. Dist. LEXIS 24, *8 (D. Mass. 2015) (citing *United States v. Ortiz*, 741 F.3d 288, 292 n.2 (1st Cir. 2014)). "Such motions are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *Id*. (citations omitted). The government respectfully submits that the decision to grant Defendant an evidentiary hearing does not account for either of the prerequisite factors, but especially the existence of probable cause with the alleged material misrepresentations omitted and/or the alleged material omissions included.

"To get a *Franks* hearing, a party must first make two '*substantial preliminary showings*': (1) that a false statement or omission in the affidavit was made knowingly and intentionally or with reckless disregard for the truth; and (2) the falsehood or omission was necessary to the finding of probable cause." *United States v. Rigaud*, 684 F.3d 169, 173 (1st Cir. 2012) (emphasis added). Failure to make such a showing on either element dooms a party's hearing request." *Id*. *See also United States v. Magee*, 834 F.3d 30, 33 (1st Cir. 2016) ("A failure to make either of these two showings is fatal to the defendant's challenge.").

"As to the second prong, the Court must 'determine whether the totality of the revealed circumstances makes out a showing of probable cause, even with false facts stripped away, inaccurate facts corrected, and omitted facts included." *United States v. Barbosa*, 896 F.3d 60, 70 (1st Cir. 2018). "These elements are hard to prove, and thus *Franks* hearings are *rarely held*." *United States v. Patterson*, 120 F. Supp. 3d 12, 9 (D. Mass. 2015) (emphasis added) (citing *United*

3

*States v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000). *See also United States v. Thompson*, 2019 U.S. Dist. LEXIS 161136, at *6 (W.D.N.Y. Sep. 19, 2019) (describing the "substantial preliminary showing" standard as a "high burden"); *United States v. Melendez*, 2016 U.S. Dist. LEXIS 98940, at *7 (S.D.N.Y. July 28, 2016) ("The burden to obtain such a hearing is a heavy one, and such hearings are exceedingly rare."); *Turner v. Boyle*, 116 F. Supp. 3d 58, 87 (D. Conn. 2015) (Calling the standard a "heavy burden") (citation omitted). Indeed, in *United States v. Tzannos*, the First Circuit held that, "'[t]here is a presumption of validity with respect to the affidavit supporting the search warrant.' For this reason, a defendant must first meet a high bar even to get a *Franks* hearing in the first place." 460 F.3d 128, 136 (1st Cir. 2006) (citing *Franks*, 438 U.S. at 171.).

For the reasons discussed below, Defendant has failed to meet this high bar.

## IV. ARGUMENT

First, defendant failed to proffer any evidence or allege any facts demonstrating that the affiant acted recklessly or intentionally with regard to the alleged omissions and misrepresentations. "Mere allegations of deliberate or reckless falsehoods are insufficient." *United States v. Kattaria*, 553 F.3d 1171, 1177 (8th Cir. 2009); *see United States v. Stewart*, 2021 U.S. Dist. LEXIS 91592, at *10-11 (E.D. Tenn. May 13, 2021) (citations omitted) ("A *Franks* hearing is only merited in cases of omission in rare circumstances. Indeed, a *Franks* hearing is warranted in the case of the omission of disputed facts only when defendant presents a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit").

Second, even assuming *arguendo* that the statements and omissions highlighted by the defendant were knowingly or recklessly included or omitted from the warrant affidavits—which they were not—Defendant has not (and cannot) met the second prong of the *Franks* test, and as

4

such should not be granted an evidentiary hearing on this issue. Courts routinely skip to the second prong of the analysis, and, when found the defendant cannot meet that exacting burden, deny the request for a hearing. *See United States v. Maglio*, 21 F.4th 179, 187 (1st Cir. 2021) ("no error in the district court's conclusion that a *Franks* hearing was not warranted because [defendant] failed to make a "substantial showing" that he could satisfy the materiality prong of the analysis."); *United States v. Veloz* 948 F.3d 418, 427-28 (1st Cir. 2020) (upholding district court's denial of *Franks* hearing request "because the information in the warrant application that supported a finding that the confidential informant's tip was reliable was so substantial, the omitted information that [defendant] pointed to was not material to the probable cause calculus.").

As outlined in the government's objection, ample probable cause existed separate and apart from the contested statements. Specifically, both affidavits recounted numerous independent indicia of criminality and knowledge of criminality, including an expert review of Defendant's prescriptions data, the central block by Walmart at their pharmacies, an analysis of Defendant's claims data, and Defendant's knowledge of a review by the Centers for Medicare and Medicaid's Uniform Program Integrity Contractor ("UPIC").

The Osteopathic Board's findings did not strip probable cause in light of the other information included in the warrant affidavits. This other information included the fact that Defendant's prescribing was so egregious that Walmart entered a nationwide refusal to fill her prescriptions. Among Walmart's findings, which led to the central block, was the fact that Defendant's average daily MME per patient was 174 MMEs, while 90 daily MMEs is considered a safe threshold for medical professionals prescribing opioids.

The affidavit also explained an analysis of Defendant's claims data, which showed Defendant to be in the 99th percentile among all prescribers in the country for the total MMEs

5

prescribed per patient. This analysis also revealed that in the State of Maine, Defendant had the highest MME prescribing rate per patient. Additionally, the claims data showed Defendant to be in the 99th percentile of prescribers for prescribing both an opiate and a benzodiazepine, and the affiant recounted that in his training and experience, the combination of a prescription opiate and benzodiazepine constitute a well-known combination of substances that are commonly abused and/or diverted by patients. Overall, the claims data analysis showed Defendant to be in the 95th percentile for a number of outlier behaviors indicative of illegal prescribing, among them: the total MME prescribed by Defendant (highest in the state of Maine); the total MME for Oxycodone, and both the average and median MME prescribed per patient.

Moreover, an expert review by the UPIC found, after Defendant submitted some of the requested documentation for eleven patients with the highest MMEs that met the most flagged criteria, that the "allegation that [Defendant] is engaging in opioid over-prescribing and prescribing opioids while not medically necessary are well founded." The expert consultant also found generally that: Defendant prescribed dangerously high doses of opioids beyond what is recommended by the CDC; Defendant prescribed high dose opioids with benzodiazepines, placing her patients at increased risk for overdose; Defendant prescribed high-dose, short-acting opioids to patients with severe opioid-use disorders which is contraindicated; Defendant managed patients with severe opioid-use disorders with methadone at higher doses than standard pain management doses; and for patients with opioid-use disordered, Defendant documented very little evidence-based counseling.

Finally, an expert clinician reviewed approximately two years of Defendant's prescription monitoring data and found that Defendant placed her patients at "extreme risk of overdose" through her prescribing, pointing to Defendant's frequent concurrent prescribing of methadone in

6

combination with Oxycodone and concurrent prescribing of narcotic pain killers with a benzodiazepine. According to the expert, this placed these patients at increased risk of overdose and increased risk of abuse and diversion of these medications. The expert ultimately opined that Defendant wrote thousands of prescriptions for narcotic pain killers, benzodiazepines, and stimulants that were not for a legitimate medical purpose.

Thus, even omitting any reference to the Board's investigation, there was ample probable cause to support the warrant. This is dispositive on the question of whether there should be a *Franks* hearing. *United States v. Ferrara*, 771 F. Supp. 1266, 1306 (D. Mass. 1991)( "For an omission to serve as the basis for a hearing under *Franks*, it must be such that its inclusion in the affidavit would defeat probable cause… Omitted information that is potentially relevant but not dispositive is not enough to warrant a *Franks* hearing.").

Even if the affiant had been aware that the Osteopathic Board dismissed their inquiry into Defendant's prescribing practices, and had included that fact in the affidavit, that fact, alone, would not have defeated probable cause. Most notably, the government's reference to the Osteopathic Board's investigation was included to demonstrate that Defendant had knowledge that the Osteopathic Board (like Walmart and the UPIC) had concerns over her prescribing practices. This fact is important to demonstrate probable cause that she harbored the requisite mental state to violate 18 U.S.C. § 841.

In addition, the Osteopathic Board reviewed only five patient files, and cleared only three. So even if the Board found that five specific patients were not problematic, that fact does not disturb the overwhelming evidence that the Defendant's practice as a whole was infected with unlawful prescribing.

The same is true of the hypothetical addition of the fact that Defendant had an opportunity to respond to the June 16, 2022, letter from the Osteopathic Board. Again, Defendant's ability to respond, relative to three discrete patients, would not have obviated the probable cause for Defendant's electronic medical records and practice records based on the other separate probable cause outlined in the affidavits. This is also true of Defendant's allegations that the affiant misrepresented that the Osteopathic Board had made a determination regarding their investigation into Defendant's prescribing. Again, even assuming the reviewing court read the affiant's statement regarding a determination in isolation and mistakenly believed that the Osteopathic Board had made a final determination, the removal of that sentence, in light of all of the other information included in the affidavit Defendant fails to meet the materiality prong of *Franks*.

As Defendant has failed to make a showing that the alleged omissions and/or material representations were necessary to a finding of probable cause, the Court can simply conduct a review based on a reading of the four corners of the challenged search warrants affidavits, simply omitting and including the controversial statements respectively. If the Court finds the warrant is nonetheless supported by probable cause in the absence of those statements, then Defendant has failed to meet the initial burden to mandate an evidentiary hearing under *Franks* and would ask that the Court reconsider its prior ruling to hold such a hearing. This analysis must be done prior to ordering the *Franks* hearing.

The government is respectfully requesting reconsideration, and, if necessary, for the Court to schedule brief, oral argument on the issue. The government is available for such a hearing at a date and time convenient for the Court's docket, prior to the presently-scheduled suppression hearing (January 18, 2024).

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court reconsider its prior ruling and deny Defendant a *Franks* hearing as she failed to meet the exacting standard necessary to obtain such a rare hearing.

Defendant, through counsel of record, opposes this request for reconsideration.

Respectfully Submitted,

DARCIE N. McELWEE
UNITED STATES ATTORNEY
DISTRICT OF MAINE

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

By: */s/ Danielle H. Sakowski*
Patrick J. Queenan
Danielle H. Sakowski
Trial Attorneys
United States Department of Justice,
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 875-0326
Patrick.Queenan@usdoj.gov
Danielle.sakowski@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2023, I electronically filed the foregoing Government's Motion for Reconsideration Court's Order Granting a *Franks* Hearing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Timothy Zerillo, Esq.
Karen Wolfram, Esq.
Amy Fairfield, Esq.

*/s/ Danielle H. Sakowski*
Danielle H. Sakowski