UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 2:22-cr-00132-NT |
| | ) | |
| MERIDETH C. NORRIS, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This cause came before the Court on the Government's Application for an Order pursuant to 42 U.S.C. § 290dd-2(b)(2)(C) and 42 C.F.R. § 2.63 authorizing the disclosure and use of records of confidential communications made by patients in connection with a substance-abuse prevention, treatment, and rehabilitation program to criminally prosecute Merideth C. Norris, DO ("**NORRIS**"). This Court finds:

1. An order permitting disclosure and use of confidential communications made by a patient to a treatment program in the course of diagnosis, treatment, or referral for treatment ("**CONFIDENTIAL PATIENT COMMUNICATIONS**") may be entered only if good cause is shown and "the disclosure is necessary in connection with the investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury . . . ." 42 C.F.R. § 2.63(a)(2).

2. In the attached affidavits of FBI Special Agent Dale Wengler and other attached exhibits, the United States set forth facts showing that there is good cause to allow the investigative team to use CONFIDENTIAL PATIENT COMMUNICATIONS in the prosecution of NORRIS. In addition, they have shown

that the disclosure is necessary in connection with the investigation or prosecution of an extremely serious crime.

Therefore, it is hereby **ORDERED AND ADJUDGED** that the application is **GRANTED**. Accordingly, this Court **ORDERS** that:

a. pursuant to Title 42, United States Code, Section 290dd-2(b)(2)(C) and Sections 2.63, 2.64, 2.65, and 2.66 of Chapter 42 of the Code of Federal Regulations, Special Agents and Task Force Officers of the Federal Bureau of Investigation and other law enforcement agencies engaged in the investigation of NORRIS are authorized to disclose and use CONFIDENTIAL PATIENT COMMUNICATIONS;

b. records or information obtained pursuant to this Order will not be used to initiate or substantiate criminal charges against a patient or to conduct any investigation of a patient unless authorized by a separate court order pursuant to 42 U.S.C. § 290dd-2(b)(2)(C) or other applicable regulation.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 6th day of June, 2024.